**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **A.R.R., *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MARCO A. RUBIO,**<br>*Secretary of State*, ***et al.*,**<br><br>**Defendants.** | **Case No. 26-cv-01921 (APM)** |

**MEMORANDUM OPINION**

Plaintiffs A.R.R., A.H.A., N.M.N.Z., N.S., R.M., and A.O.K. are Afghan nationals to whom the United States granted asylum in 2023. Compl., ECF No. 1 [hereinafter Compl.], at 1, 3–6. The remaining Plaintiffs are their spouses and children who remain in Afghanistan. *Id.* Family members of foreign nationals with asylum status are known as "follow-to-join" asylees, so that is how the court refers to them. *Id.* at 15, 17. The U.S Citizenship and Immigration Services granted the Follow-to-Join Plaintiffs' I-730 Refugee/Asylee petitions to enter the United States, but from July to December of 2025 consular officers within the U.S. Department of State denied them boarding foils after their interviews. *Id.* at 8–13. They did so pursuant to Presidential Proclamation 10949, which suspended entry of foreign nationals from 19 countries, including Afghanistan. *Id.* at 8–13; *see* 90 Fed. Reg. 24497, 24499 (June 4, 2025). President Trump later continued the ban on entry by Afghan nationals with Presidential Proclamation 10998. Compl. at 19; *see* 90 Fed. Reg. 59717, 59722–28 (Dec. 16, 2025).

More recently, a federal court vacated application of the Proclamations to follow-to-join asylees. Presidential Proclamation 10949 provides that it does not reach "an individual who has

been granted asylum by the United States," and further states that "[n]othing in this proclamation shall be construed to limit the ability of an individual to seek asylum . . . ." 90 Fed. Reg. at 24504. In view of that exclusion, on July 29, 2026, a judge in the Eastern District of Virginia determined that the State Department's policy of applying the Proclamations to follow-to-join asylees was unlawful and vacated the policy. *See* Pls.' Mot. for Prelim. Inj., ECF No. 14 [hereinafter Pls.' Mot.], Ex. 1, ECF No. 14-2. The Fourth Circuit declined the State Department's emergency request to stay the trial court's ruling. *See* Order, *A.A. v. U.S. Dep't of State*, No. 26-2119 (4th Cir. Oct. 1, 2026). Thus, "the nationwide vacatur as ordered in the Eastern District of Virginia remains in effect." Defs.' Opp'n to Pls.' Mot., ECF No. 16 [hereinafter Defs.' Opp'n], at 7.

Plaintiffs in this action seek an injunction that would compel the State Department to issue boarding foils to the Follow-to-Join Plaintiffs. *See* Pls.' Mot., Mem. of Law in Supp. of Pls.' Mot., ECF No. 14-1, at 12. Though Defendants oppose the requested relief, they have not sought to defend the denials on the merits. *See* Defs.' Opp'n at 15–16. Nor have they signaled nonacquiescence to the Eastern District of Virginia's "universal vacatur." *Id.*; Hr'g Tr., October 26, 2026 (draft) [hereinafter Hr'g Tr.], at 2:20–3:20, 16:16–17:25; *see Grant Med. Ctr. v. Hargan*, 875 F.3d 701, 708 (D.C. Cir. 2017) (discussing nonaquiescence).

At the hearing on their motion, Plaintiffs moved to consolidate with "trial on the merits" pursuant to Federal Rule of Civil Procedure 65(a)(2), Hr'g Tr. at 15:20-22, and Defendants did not oppose, *id.* at 15:23–16:14.[1] The court therefore will consolidate the motion and the merits and

[1] Defendants asserted for the first time at the hearing that the case was moot because, with the vacatur in place, Plaintiffs can seek to have their petitions re-adjudicated without being subject to the Proclamations. Hr'g Tr. at 5:4-24. The court disagrees. A case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Zukerman v. U.S. Postal Serv.*, 961 F.3d 431, 442 (D.C. Cir. 2020) (internal quotation marks and citations omitted). Here, a judgment in favor of Plaintiffs remains effectual if for no other reason than Defendants have not said that they will indefinitely cease applying the Proclamations to follow-to-join asylees. After all, Defendants continue to pursue an appeal of the Eastern District of Virginia's ruling. *See* Hr'g Tr. at 16:10-14. A favorable judgment in this case would inoculate Plaintiffs against the possibility that Defendants could once more apply the Proclamations to deny them entry.

does not consider irreparable harm and the equities. *See Gomes v. Rubio*, No. 26-cv-01883 (APM), 2026 WL 2212503, at *4 (D.D.C. July 31, 2026).[2] And, because Defendants have declined to defend the lawfulness of the petition denials, the court will enter summary judgment in Plaintiffs' favor on their arbitrary and capricious and contrary-to-law claims under the Administrative Procedure Act. *See* Compl. at 20–23, 25–27.[3]

All that remains then is the question of remedy. Plaintiffs have asked the court to order Defendants "to adjudicate the [Follow-to-Join] Plaintiff[s'] [] I-730 applications and produce travel documents without considering" the Proclamations. *Id.* at 30. That relief is appropriate. *See generally Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 811 (D.C. Cir. 2024) (affirming continuation of "a plan requiring the prompt adjudication of [visa] applications filed by class members"). Accordingly, Defendants shall within 45 days re-adjudicate the Follow-to-Join Plaintiffs' I-730 applications and produce boarding foils without consideration of the Proclamations. Such adjudications shall be performed "without prejudice to Defendants' ability to impose additional compliance measures." *See* Notice, ECF No. 22, at 2 (Plaintiffs proposing the inclusion of such language in the order for relief). The court will retain jurisdiction over this matter to ensure timely compliance. The parties shall file a Joint Status Report by December 17, 2026, which updates the court on compliance with its order.

A final, appealable order accompanies this Memorandum Opinion.

Dated: November 2, 2026

Amit P. Mehta
United States District Judge

---

[2] It also means the court need not address Defendants' argument that the motion must be denied because Plaintiffs seek "ultimate relief" in a preliminary posture. Defs.' Opp'n at 13–14.

[3] The court does not reach Plaintiffs' other claims asserting an *Accardi* violation, unreasonable delay, and the failure to perform notice-and-comment rulemaking. *See* Compl. at 24–25, 27–30.